UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ALEX FREDERIC,

                             **Plaintiff,**

      -against-

THE CITY OF NEW YORK, CITY OF NEW YORK
DEPARTMENT OF CORRECTION, NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY
DEPARTMENT OF HEALTH AND MENTAL
HYGIENE, CORRECTION OFFICER "JOHN" WRIGHT,
Individually and in his Official Capacity, CORRECTION
OFFICER "JOHN" KIM, Individually and in his Official
Capacity, CORRECTION OFFICER "JOHN" CLARK,
Individually and in his Official, Capacity, CORRECTION
OFFICER "JOHN" HALL, Individually and in his Official
Capacity, CAPTAIN "JOHN DOE", Individually and in his
Official Capacity, fictitious name used to designate
unknown individual herein, CORRECTION OFFICERS
"JOHN DOES 1-10", Individually and in their Official
Capacities, fictitious name used to designate unknown
correction officers herein, and POLICE OFFICERS "JOHN
DOE", Individually and in their Official Capacities,
fictitious name used to designate unknown police officers
herein,

                             **Defendants.**

-------------------------------------------------------------------X

Docket No.

**VERIFIED COMPLAINT**



Plaintiff, **ALEX FREDERIC**, by his attorneys, LAZAROWITZ & MANGANILLO,

LLP, complaining of the defendants hereinafter, states and alleges as follows upon information

and belief:

## PRELIMINARY STATEMENT

      1.    Plaintiff commenced this action seeking compensatory damages, punitive

damages and attorney's fees for violations of his civil rights by the defendants, their agents,

employees and/or servants, while acting under color of law, as said rights are secured by the

statutes and Constitutions of the United States of America and the State of New York, and the

Charter, rules, regulations and ordinances of the City of New York. Plaintiff also asserts supplemental state law tort claims.

2.      This case arises from an assault and battery committed against the plaintiff, a detainee in the exclusive custody and control of the defendants, by the defendant correction officers[1], acting under the color of law, on or about September 2, 2009, and within the Robert N. Davoren Complex located at Rikers Island. During the course of said assault and battery, the plaintiff was stalked, harassed, threatened, attacked, punched, kicked, thrown to the ground, and repeatedly choked into unconsciousness, causing the plaintiff to suffer physical, psychological and emotional injuries.

3.      Thereafter, and while still in the custody and care of the defendants, their agents, servants and/or employees, Plaintiff frequently sought but was repeatedly and unjustly denied and/or delayed reasonable, due and necessary medical care and treatment for the aforesaid injuries by said defendants, their agents, employees and/or servants, acting under the color of law and in violation of Plaintiff's constitutional and statutory rights, causing the plaintiff to suffer further physical, psychological and emotional injuries.

4.      Furthermore, the assaulting correction officers, individually and in concert and conspiracy with one another, drafted and filed knowingly false incident and infraction reports regarding their unwarranted assault and battery of Plaintiff, wherein the defendant correction officers dishonestly alleged that Plaintiff had in fact assaulted them. As a result, a purported disciplinary hearing was held on or about September 24, 2009, without notice to or attendance by Plaintiff, which resulted in Plaintiff being placed in 23-hour lockdown for seventy-seven (77) days. The foregoing was in clear violation of Plaintiff's due process rights, causing the plaintiff

---

[1] As used herein, the term "correction officer" is intended to refer to New York City Department of Correction officers in the general and not to a particular rank, title, position, department or class of correction officer.

to suffer further physical, psychological and emotional injuries, as well loss of liberty.

5.       Additionally, in retaliation for Plaintiff lawfully filing a grievance and Notice of

Claim with the City of New York Department of Correction and City of New York, respectively,

regarding the aforesaid incidents, a form of speech clearly protected by the First Amendment, the

defendant correction officers, including but not limited to Defendant Correction Officer "John"

Wright, knowingly filed false criminal charges with the New York City Police Department

against the plaintiff, wherein it was alleged that Plaintiff had assaulted them on the aforesaid

date. Accordingly, Plaintiff was falsely arrested by police officers[2] of the New York City Police

Department, causing the plaintiff to be further injured.

## JURISDICTION AND VENUE

6.       This action is brought pursuant to 42 U.S.C. §§1983, 1985, 1986 and 1988, the

First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States

of America, the statutes and Constitution of the State of New York, and the Charter, statutes,

rules, and regulations of the City of New York.

7.       Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343(a)(3)

and (4) and the aforesaid statutory and constitutional provisions.

8.       Pursuant to 28 U.S.C. §1367, this Court has supplemental jurisdiction over claims

which arise under the relevant provisions of New York state law.

9.       This action is brought in accord with 42 U.S.C. §1997.

10.      Plaintiffs' claim for attorneys' fees and costs is predicated upon 42 U.S.C. §1988,

which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought

pursuant to 42 U.S.C. §1983.

---

[2] As used herein, the term "police officer" is intended to refer to New York City Police Department officers in the
general and not to a particular rank, title, position, department or class of police officer.

11.     Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to this claim occurred within this judicial district.

## PARTIES

12.     At all times mentioned herein, Plaintiff was confined to the custody and care of the defendants, **THE CITY OF NEW YORK** and **THE CITY OF NEW YORK DEPARTMENT OF CORRECTION**, at its various facilities located on Rikers Island, including but not limited to the Robert N. Davoren Complex, Otis Bantum Correctional Center, and George Motchan Detention Center.

13.     Upon information and belief, and at all times mentioned herein, the defendant, **THE CITY OF NEW YORK** (hereinafter referred to as "City"), was and still is a body corporate and politic, constituting a municipal corporation, duly organized and existing under and by virtue of the laws of the City and State of New York.

14.     Upon information and belief, and at all times mentioned herein, Defendant City maintains Defendant, **CITY OF NEW YORK DEPARTMENT OF CORRECTION** (hereinafter referred to as the "DOC"), pursuant to law.

15.     Upon information and belief, and at all times mentioned herein, Defendant City maintains Defendant, **NEW YORK CITY POLICE DEPARTMENT** (hereinafter referred to as the "NYPD"), pursuant to law.

16.     Upon information and belief, and at all times mentioned herein, Defendant City maintains Defendant, **CITY OF NEW YORK DEPARTMENT OF HEALTH AND MENTAL HYGIENE** (hereinafter referred to as the "DOHMH"), pursuant to law.

17.     Defendant City was and remains the public employer of the correction officers

named as defendants in this action, **CORRECTION OFFICER "JOHN" WRIGHT, CORRECTION OFFICER "JOHN" KIM, CORRECTION OFFICER "JOHN" CLARK, CORRECTION OFFICER "JOHN" HALL, CAPTAIN "JOHN DOE", and CORRECTION OFFICERS "JOHN DOES 1-10"**. The term "correction officer" is intended to refer to City of New York Department of Correction officers in the general, and not to any specific rank, title or position.

18.    Defendant DOC was and remains the public employer of the correction officers named as defendants in this action, **CORRECTION OFFICER "JOHN" WRIGHT, CORRECTION OFFICER "JOHN" KIM, CORRECTION OFFICER "JOHN" CLARK, CORRECTION OFFICER "JOHN" HALL, CAPTAIN "JOHN DOE", and CORRECTION OFFICERS "JOHN DOES 1-10"**. The term "correction officer" is intended to refer to City of New York Department of Correction officers in the general, and not to any specific rank, title or position.

19.    Defendant City was and remains the public employer of the police officers named as defendants in this action, **POLICE OFFICERS "JOHN DOE"**. The term "police officer" is intended to refer to New York City Police Department officers in the general, and not to any specific rank, title or position.

20.    Defendant NYPD was and remains the public employer of the police officers named as defendants in this action, **POLICE OFFICERS "JOHN DOE"**. The term "police officer" is intended to refer to New York City Police Department officers in the general, and not to any specific rank, title or position.

21.    Upon information and belief, and at all times mentioned herein, Defendant DOC was and still is a body corporate and politic, constituting a municipal corporation, duly organized

and existing under and by virtue of the laws of the City and State of New York.

22.    Upon information and belief, and at all times mentioned herein, Defendant DOC was and remains under the supervision, direction, control and/or employ of Defendant City.

23.    Upon information and belief, and at all times mentioned herein, Defendant DOC was and remains a department, division or agency of Defendant City.

24.    Upon information and belief, and at all times mentioned herein, Defendant NYPD was and still is a body corporate and politic, constituting a municipal corporation, duly organized and existing under and by virtue of the laws of the City and State of New York.

25.    Upon information and belief, and at all times mentioned herein, Defendant NYPD was and remains under the supervision, direction, control and/or employ of Defendant City.

26.    Upon information and belief, and at all times mentioned herein, Defendant NYPD was and remains a department, division or agency of Defendant City.

27.    Upon information and belief, and at all times mentioned herein, Defendant DOHMH was and still is a body corporate and politic, constituting a municipal corporation, duly organized and existing under and by virtue of the laws of the City and State of New York.

28.    Upon information and belief, and at all times mentioned herein, Defendant DOHMH was and remains under the supervision, direction, control and/or employ of Defendant City.

29.    Upon information and belief, and at all times mentioned herein, Defendant DOHMH was and remains a department, division or agency of Defendant City.

30.    That upon information and belief, and at all times mentioned herein, Defendant City, its departments, agents, servants and/or employees, owned, operated, maintained, managed, supervised, directed and/or controlled the jails of the City of New York and, more specifically,

the Robert N. Davoren Complex (hereinafter referred to as "RNDC"), located at 11-11 Hazen Street, East Elmhurst, New York, Otis Bantum Correctional Center (hereinafter referred to as "OBCC), located at 16-00 Hazen Street, East Elmhurst, New York, and George Motchan Detention Center (hereinafter referred to as "GMDC), located at 15-15 Hazen Street, East Elmhurst, New York.

31.    That upon information and belief, and at all times mentioned herein, Defendant DOC, its agents, servants and/or employees, including but not limited to the defendant correction officers named herein, owned, operated, maintained, managed, supervised, directed and/or controlled the jails of the City of New York and, more specifically, RNDC, OBCC and GMDC.

32.    Defendant, **CORRECTION OFFICERS "JOHN DOES 1-10"**, were and remain those correction officers employed by the City and/or DOC at RNDC, OBCC and GMDC who assaulted and/or battered Plaintiff as alleged herein; or who ignored, refused, denied, and/or delayed Plaintiff's requests for medical attention and "sick call" visits due to the injuries alleged herein; or who knowingly drafted and/or filed, or conspired to file, false infraction reports, incident reports and/or disciplinary charges against Plaintiff; or who gave knowingly false statements or testimony to a disciplinary and/or criminal proceeding regarding said assault and battery and/or Plaintiff's role in same; or who conducted, presided over and/or made findings at any purported disciplinary hearing(s) and/or issued a determination and/or sentence over Plaintiff at the conclusion of same. The identities of Defendant, **CORRECTION OFFICERS "JOHN DOES 1-10"**, are not presently known, but they are believed to be correction officers endowed and bestowed with various ranks and appointments upon them by the City and/or DOC, and are sued in their capacities as individuals as well as in their official capacity as correction officers acting under the color of law.

33.    At all times mentioned herein, the defendant correction officers were acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City and State of New York and/or DOC.

34.    At all times mentioned herein, the City and/or DOC were charged with hiring, training, retaining, directing, supervising, disciplining, overseeing, appointing and promoting correction officers, supervisors and staff in their employ, including but not limited to the defendant correction officers.

35.    That upon information and belief, and at all times mentioned herein, the defendant correction officers were under the direction, supervision, authority and/or control of the City and/or DOC, their agents, servants and/or employees.

36.    That upon information and belief, and at all times mentioned herein, Defendant City, its departments, agents, servants and/or employees, managed, supervised, directed and/or controlled the custody, confinement, medical care and treatment of those persons confined and/or otherwise detained in its various jails, including but not limited to RNDC, OBCC and GMDC.

37.    That upon information and belief, and at all times mentioned herein, Defendant DOC, its agents, servants and/or employees, managed, supervised, directed and/or controlled the custody, confinement, medical care and treatment of those persons confined and/or otherwise detained in its various jails, including but not limited to RNDC, OBCC and GMDC.

38.    That upon information and belief, and at all times mentioned herein, Defendant DOHMH, its agents, servants and/or employees, operated, maintained, managed, supervised, directed and/or controlled the medical care and treatment of those persons confined and/or otherwise detained in Defendant City's various jails, including but not limited to RNDC, OBCC and GMDC.

## STATEMENT OF FACTS

39.     Upon information and belief, RNDC houses detained male adolescents between 16 and 18 years of age.

40.     Upon information and belief, OBCC and GMDC house detained adult males.

41.     At approximately 5:00 p.m. on or about September 2, 2009, within the vicinity of the rear/waiting room of RNDC's visit floor, Plaintiff, ALEX FREDERIC, an individual then and there confined to the exclusive custody, care and control of Defendants City and DOC at RNDC, their agents, servants and/or employees, including but not limited to the defendant correction officers, was stalked, harassed, threatened, cursed at, attacked, punched, kicked, thrown to the ground, and repeatedly choked into unconsciousness without cause or provocation (hereinafter referred to as the "Incident") by Defendants, **CORRECTION OFFICER "JOHN" WRIGHT** ("CO Wright"), **CORRECTION OFFICER "JOHN" KIM** ("CO Kim"), **CORRECTION OFFICER "JOHN" CLARK** ("CO Clark"), **CORRECTION OFFICER "JOHN" HALL** ("CO Hall"), **CAPTAIN "JOHN DOE"** ("Captain John Doe"), and/or **CORRECTION OFFICERS "JOHN DOES 1-10"** ("CO John Does").

42.     That Plaintiff was 18 years old at the time of the Incident.

43.     That the Incident lasted approximately twenty (20) minutes.

44.     That moments prior to the Incident, Plaintiff approached CO John Does with a voucher to obtain clothing that was brought to RNDC by a visitor for Plaintiff's then-upcoming court appearance. Upon doing so, CO John Does, without cause or provocation, yelled and cursed at Plaintiff, threatened him with physical violence, and then instructed him to sit in a chair and wait for an escort back to his assigned housing area within RNDC. Plaintiff complied.

45.     While Plaintiff was sitting in the rear/waiting room of RNDC's visit floor, CO

Wright approached where Plaintiff was seated and began, without provocation, kicking Plaintiff's seat in an apparent attempt to kick the chair out from under Plaintiff.

46.    CO Wright then instructed two (2) unknown inmates working in the area to leave the area immediately, while at the same time instructing CO Clark and CO Hall to enter the area and close the door behind them.

47.    CO Clark and CO Hall did enter the rear/waiting room of RNDC's visit floor and close the door behind them.

48.    For approximately five (5) minutes, CO Clark, CO Wright and CO Hall stalked around a seated Plaintiff while making threatening hand gestures and body motions in an effort to intimidate Plaintiff and make him fear for his safety.  At one point, said correction officers put on their leather gloves, which led Plaintiff to believe that a physical assault was imminent.

49.    CO Clark, CO Wright and CO Hall then left the room.

50.    Thereafter, CO Wright returned to said room, along with Captain John Doe, and again began kicking at Plaintiff's chair until the chair came out from under Plaintiff, causing Plaintiff to fall to the floor.

51.    CO Wright, with Captain John Doe present, then began punching Plaintiff about his head, face and body.

52.    While CO Wright was punching Plaintiff about his head, face and body, CO Kim entered the room and forcibly picked Plaintiff up off the floor in a "bear hug", slammed Plaintiff back down to the floor, and then held him down while and so that CO Wright could continue punching Plaintiff in his head, face and body.

53.    That Captain John Doe was present at the time CO Kim entered the room and forcibly picked Plaintiff up off the floor in a "bear hug", slammed Plaintiff back down to the

floor, and then held him down while CO Wright punched him; however, Captain John Doe left the room in a display of quiet acquiescence of CO Wright and CO Kim's unlawful conduct, knowing that said assault would continue in his absence.

54.    That after Captain John Doe left the room, but while CO Wright was still punching the restrained Plaintiff, CO Clark and CO Hall re-entered the room and began striking the plaintiff.

55.    That CO Clark and/or CO Hall then twisted Plaintiff's arm behind his back and handcuffed Plaintiff so that he could not put his hands over his head and face in order to protect himself from the ongoing assault and battery.

56.    Once handcuffed, the assault on Plaintiff continued for an unknown period of time. During this time, CO Wright choked the handcuffed Plaintiff into unconsciousness on three (3) separate occasions.

57.    That at no time prior to or during the foregoing Incident did Plaintiff refuse an officer's order, resist, or assault, threaten or provoke said defendants.

58.    Plaintiff regained consciousness from what is believed to be the third and last choking while in the RNDC Clinic. He does not presently know how he got there or what happened in between.

59.    From the RNDC Clinic, Plaintiff was transported to Elmhurst Hospital Center via ambulance, and was admitted for overnight observation.

60.    Upon Plaintiff being returned to RNDC the following day, his housing assignment was modified such that he was transferred from "1 Upper" to "3 Main".

61.    Plaintiff received no other medical treatment, though he repeatedly requested same.

62.     On a date presently unknown to Plaintiff, Defendants City and DOC, their agents, servants and/or employees, including but not limited to CO Wright, CO Kim, CO Clark, CO Hall, Captain John Doe and/or CO John Does, drafted, executed, and filed false incident, disciplinary and/or infraction report(s) with regard to the Incident.

63.     On a date presently unknown to Plaintiff, Defendants City and DOC, their agents, servants and/or employees, including but not limited to, CO Wright, CO Kim, CO Clark, CO Hall, Captain John Doe and/or CO John Does, drafted, executed, and filed false Use of Force report(s) with regard to the Incident.

64.     On a date presently unknown to Plaintiff, Defendants City and DOC, their agents, servants and/or employees, including but not limited to CO John Does, drafted, executed, and filed false reports claiming that Plaintiff waived and/or refused a disciplinary hearing with regard to the aforesaid infraction report(s).

65.     Thereafter, on or about September 14, 2009, Plaintiff was moved to the Central Punitive Segregation Unit ("CPSU") at OBCC following a purported disciplinary hearing being held in Plaintiff's absence and without notice to him, in violation of his due process rights.

66.     While confined to CPSU, Plaintiff was subjected to 23-hour lockdown.

67.     The one hour per day that Plaintiff was not on lockdown, he was confined to a small cell in the OBCC yard.

68.     Plaintiff remained confined to CPSU until December 10, 2009.

69.     Plaintiff made repeated requests, on no less than ten (10) occasions, to Defendant CO John Does for medical care and treatment due to the injuries he sustained during the Incident.

70.     Defendant CO John Does refused and/or delayed Plaintiff's requests for medical

care and treatment due to the injuries he sustained during the Incident.

71.    Defendant CO John Does failed to approve and/or delayed approval of Plaintiff's requests for "sick call" due to the injuries he sustained during the Incident.

72.    On or about October 13, 2009, Plaintiff filed a grievance with Defendant DOC's Inmate Grievance Resolution Committee against the defendant correction officers, wherein he reported the happening of the Incident.

73.    On or about October 16, 2009, Plaintiff caused to be served a Notice of Claim upon the City for injuries sustained during the Incident.

74.    On or about October 22, 2009, Defendant DOC's Inmate Grievance Resolution Committee referred Plaintiff's grievance regarding the Incident to OBCC's Deputy Warden for Programs.

75.    Within a few days of Plaintiff reporting the Incident to Defendant City and DOC, CO Wright, in retaliation for same, filed false criminal assault charges against Plaintiff with Defendant NYPD.

76.    Defendant NYPD falsely arrested Plaintiff on bogus assault charges.

77.    Defendant NYPD did not have a valid warrant for the arrest of Plaintiff.

78.    Defendant NYPD did not have probable cause for the arrest of Plaintiff.

79.    Defendant NYPD arrested and charged Plaintiff despite having knowledge of facts and circumstances that contradicted the statements of CO Wright.

80.    Defendant NYPD unreasonably failed to make further inquiry into the statements of CO Wright with regard to the Incident.

81.    Defendant NYPD arrested, charged and imprisoned Plaintiff based upon unsubstantiated rumor, unfounded accusations, and conclusory and self-serving characterizations

by CO Wright.

82.    As a result of the defendants' aforesaid and unlawful conduct, Plaintiff was caused to suffer the civil rights violations set forth below, as well as severe physical, psychological and emotional injuries, including but not limited to fractured nasal bones, left elbow derangement, lacerations to lip and mouth, daily headaches, cuts and bruising, fear that he would be attacked again by correction officers, fear that correction officers would order detainees/inmates to attack him, depression, and a general fear of persons in positions of authority, power and control over him.

## CONDITIONS PRECEDENT

83.    That on or about October 16, 2009, Plaintiff caused a Notice of Claim to be duly served and filed with the defendants setting forth the time, place, substance of claim, and description of injuries sustained by the plaintiff.

84.    That more than thirty (30) days have elapsed since said date and the defendants have neglected and refused to make an adjustment thereof.

85.    That the defendants did not conduct a hearing pursuant to Section 50-h of the General Municipal Law and, as such, same is deemed waived.

86.    This action is commenced, including all applicable tolls, within a year and ninety days after said cause of action arose.

87.    This action falls within one or more of the exceptions set forth in CPLR §1602.

**FIRST CLAIM FOR RELIEF:**
**42 U.S.C. §1983 CLAIMS AGAINST THE CITY OF NEW YORK,**
**CITY OF NEW YORK DEPARTMENT OF CORRECTION, CORRECTION OFFICER**
**"JOHN" WRIGHT, CORRECTION OFFICER "JOHN" KIM, CORRECTION**
**OFFICER "JOHN" CLARK, CORRECTION OFFICER "JOHN" HALL, CAPTAIN**
**"JOHN DOE", AND CORRECTION OFFICERS "JOHN DOES 1-10"**

88.     Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through ""87", inclusive, of this Complaint, as if same were fully set forth herein at length.

89.     As set forth above, Defendants City and DOC, their agents, servants and employees, including but not limited to CO Wright, CO Kim, CO Clark, CO Hall, Captain John Doe and CO John Does, did unlawfully assault and batter Plaintiff.

90.     As set forth above, Defendants City and DOC, their agents, servants and employees, including but not limited to CO Wright, CO Kim, CO Clark, CO Hall, Captain John Doe and CO John Does, were within the vicinity of the plaintiff at the time of the Incident and failed to take any action to intercede, mitigate and/or halt the Incident.

91.     Said defendants knew, or with due diligence should have known, of the intended assault and battery on the plaintiff.

92.     Said defendants failed to protect the plaintiff.

93.     Said defendants failed to make medical care and treatment available to the plaintiff after the Incident.

94.     As set forth above, none of the said defendants reported the Incident to their supervisors, nor did they notify City or federal authorities as to what they had seen and/or heard.

95.     As set forth above, Defendants City and DOC, and/or their supervisory personnel, including but not limited to Captain John Doe, failed to take appropriate action to investigate and report the Incident.

96.    As set forth above, said defendants' acquiescence in the Incident constituted an unnecessary, unreasonable, and excessive use of force.

97.    Said defendants acted with deliberate indifference to the plaintiff's safety, security, health and immediate medical needs.

98.    As a direct and proximate result of said defendants' deliberate indifference, the plaintiff's resulting physical, psychological and emotional injuries, pain and suffering were caused and/or significantly exacerbated.

99.    As set forth above, said defendants made no effort to stop the Incident, and have made every effort to conceal the truth about what actually occurred.

100.    The actions of said defendants were performed under the color of law and within the scope of their employment and authority with the City and DOC.

101.    The acts and omissions of the City and DOC, their agents, servants and/or employees, including but not limited to the defendant correction officers, violated the plaintiff's clearly established rights under the First, Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and were the direct and proximate cause of the physical, psychological, and emotional injuries he suffered.

102.    The actions of the defendant correction officers were malicious and in bad faith.

103.    The City and DOC have had, and continue to have, a custom and practice of deliberate delay and avoidance in investigating allegations of abuse and other misconduct against inmates, to the detriment of the plaintiff.

104.    The City and DOC, their agents, servants and/or employees, including but not limited to the defendant correction officers, by reasonable diligence, could have prevented the aforesaid wrongful acts from being committed.

105.    The City and DOC, their agents, servants and/or employees, including but not limited to the defendant correction officers violated Plaintiff's constitutional rights by:

    a.  Unlawfully causing and/or allowing the assault and battery of the plaintiff;

    b.  Using unreasonable and excessive physical force on the plaintiff;

    c.  Fabricating and contriving criminal charges against the plaintiff;

    d.  Failing to intercede on behalf of the plaintiff to prevent the excessive use of physical force on Plaintiff, despite having an opportunity to do so, but due to their intentional conduct, negligent conduct and/or deliberate indifference declined or refused to do so;

    e.  Failing to provide timely and due medical care and treatment to Plaintiff;

    f.  Depriving the plaintiff access to and redress from the courts;

    g.  Denying the plaintiff the equal protection of the laws;

    h.  Engaging in a cover-up in order to conceal the wrongful and unlawful conduct taken against the plaintiff;

    i.  By subjecting Plaintiff to cruel and unusual punishment, all in violation of Federal, State and local law.

106.    That as a result of the foregoing, Plaintiff was caused to be subjected to the deprivations of rights, privileges and/or immunities secured by the Constitution and laws of the State of New York and the United States of America, and has been damaged thereby, all in violation of 42 U.S.C. §1983.

107.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

## SECOND CLAIM FOR RELIEF:
### 42 U.S.C. §§1985 AND 1986 CLAIMS AGAINST
### THE CITY OF NEW YORK, CITY OF NEW YORK DEPARTMENT OF CORRECTION, CORRECTION OFFICER "JOHN" WRIGHT, CORRECTION OFFICER "JOHN" KIM, CORRECTION OFFICER "JOHN" CLARK, CORRECTION OFFICER "JOHN" HALL, CAPTAIN "JOHN DOE" AND CORRECTION OFFICERS "JOHN DOES 1-10"

108.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "107", inclusive, of this Complaint, as if same were fully set forth herein at length.

109.    Defendants, City and DOC, their employees, agents and/or servants, including but not limited to the defendant correction officers, under the color of law, willfully conspired with one another to deprive the plaintiff of his constitutional rights, including but not limited to his right: to be free from cruel and unusual punishment; to be free from the use of unreasonable and/or excessive force; to be free from false arrest and false imprisonment; to be free from delay and/or denial of medical attention; to equal protection of the law; to equal privileges and immunities under the law; to associate and speak freely; and to have access to and seek redress in the courts.

110.    It was part of said conspiracy that said defendants did cause and/or permit Plaintiff to be assaulted and battered.

111.    It was part of said conspiracy that said defendants did deny and/or delay due and necessary medical care and treatment to the plaintiff.

112.    It was part of said conspiracy that said defendants did fail to protect the plaintiff while he was in their custody.

113.    In furtherance of the conspiracy and in order to cover up their unlawful conduct, Defendants engaged in the following:

        a.    Fabricating and contriving criminal complaint(s) against Plaintiff;

b.  Fabricating and contriving disciplinary infractions and incident reports;

c.  Failing to make medical treatment timely available to Plaintiff;

d.  Although they were aware of the Incident and were required to report it, deliberately suppressing the truth;

e.  Holding a purported disciplinary hearing for Plaintiff regarding the Incident without notice to and/or attendance of the plaintiff;

f.  Falsely claiming and documenting Plaintiff's refusal to appear at his disciplinary hearing with regard to the Incident despite never informing Plaintiff that same was to be held and/or providing Plaintiff with an opportunity to be heard at said disciplinary hearing; and

g.  Submitting false reports, statements, and testimony to support and corroborate the fabricated allegations lodged against the plaintiff, for their own benefit.

114.    The conspiracy to cover up said defendants' conduct, including but not limited to sanctioning, causing and/or permitting Plaintiff to be assaulted and battered while in their custody spread amongst the defendant correction officers as well as to other officers and supervisors.

115.    Under the oath of office and the written rules, regulations and procedures promulgated by the City and DOC, correction officers and command personnel have an affirmative duty to intercede and prevent crimes and other misconduct committed by correction officers and to report such conduct whenever they become aware of it.

116.    As a result of said conspiracy and/or said defendants' furtherance of the conspiracy, Plaintiff has been injured and deprived of the rights and privileges afforded by the Constitution and statutes of the United States of America.

117.    Said defendants had knowledge that a 42 U.S.C. §1985(3) conspiracy was in progress, had the power to prevent or aid in preventing the conspiracy from continuing, and neglected or refused to do so.

118.    With due diligence, said defendants could have promptly reported the brutality to superiors and to duly authorized investigators.  Their failure to do so contributed to the plaintiff suffering gratuitously, thereby exacerbating his pain and suffering.

119.    Had said defendants complied with the law and furnished truthful information to authorities investigating the Incident, their conduct and/or Plaintiff's conduct, the §1985(3) conspiracy would not have succeeded to the extent that it did.

120.    As a proximate and direct cause of said defendants' conduct, the plaintiff suffered physical, psychological and emotional injuries.

### THIRD CLAIM FOR RELIEF:
### EIGHTH AND FOURTEENTH AMENDMENT CLAIMS AGAINST THE CITY OF NEW YORK, CITY OF NEW YORK DEPARTMENT OF CORRECTION, CORRECTION OFFICER "JOHN" WRIGHT, CORRECTION OFFICER "JOHN" KIM, CORRECTION OFFICER "JOHN" CLARK, CORRECTION OFFICER "JOHN" HALL, CAPTAIN "JOHN DOE" AND CORRECTION OFFICERS "JOHN DOES 1-10"

121.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "120", inclusive, of this Complaint, as if same were fully set forth herein at length.

122.    As set forth above, Defendants City and DOC, their agents, servants and employees, including but not limited to the defendant correction officers, were aware of and/or personally participated in the deprivation of Plaintiff's constitutional rights and, with deliberate indifference to said rights, failed to take action to prevent further misconduct.

123.    As set forth above, said defendants' unlawful and excessive use of physical force

violated Plaintiff's rights secured by the Eighth and Fourteenth Amendments to the Constitution of the United States of America.

124.    As set forth above, said defendants failed to provide and/or delayed necessary, due and reasonable medical care and treatment to Plaintiff following the Incident.

125.    As set forth above, said defendants were deliberately indifferent to Plaintiff's serious medical needs following the Incident.

126.    The aforesaid acts of the City and DOC, their agents, servants and/or employees, including but not limited to the defendant correction officers, were sufficiently serious to constitute violation of Plaintiff's Eighth and Fourteenth Amendment due process rights, and directly and proximately damaged the plaintiff.

127.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

**FOURTH CLAIM FOR RELIEF:**
**EIGHTH AND FOURTEENTH AMENDMENT CLAIMS AGAINST**
**THE CITY OF NEW YORK, CITY OF NEW YORK DEPARTMENT OF**
**CORRECTION, and CORRECTION OFFICERS "JOHN DOES 1-10"**

128.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "127", inclusive, of this Complaint, as if same were fully set forth herein at length.

129.    As set forth above, Defendants City and DOC, their agents, servants and employees, including but not limited to the defendant CO John Does, were aware of and/or personally participated in the deprivation of Plaintiff's constitutional rights and, with deliberate indifference to said rights, failed to take action to prevent further misconduct.

130.    As set forth above, the conduct of Defendants City and DOC, their agents,

servants and/or employees, including but not limited to the defendant CO John Does, were sufficiently serious to constitute violation of Plaintiff's Eighth and Fourteenth Amendment due process rights, and directly and proximately damaged the plaintiff.

131.    Defendants City and DOC, their agents, servants and/or employees, including but not limited to the defendant CO John Does, deprived the plaintiff of his due process rights by placing him in CPSU housing, in 23-hour lockdown, for seventy-seven (77) days following a phony disciplinary hearing for which he was never noticed or given an opportunity to appear in his own defense.

132.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

**FIFTH CLAIM FOR RELIEF:**
**42 U.S.C. §1983 CLAIMS AGAINST**
**THE CITY OF NEW YORK, THE CITY OF NEW YORK**
**DEPARTMENT OF CORRECTION, and NEW YORK CITY DEPARTMENT**
**OF HEALTH AND MENTAL HYGIENE**

133.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "132", inclusive, of this Complaint, as if same were fully set forth herein at length.

134.    By the aforesaid conduct and under the color of law, Defendants, the City, DOC, and DOHMH, acted with malicious or at least deliberate indifference in failing to secure the medical attention required for Plaintiff's serious injuries, in a manner that deprived the plaintiff of his constitutional rights and perpetuated and exacerbated his physical, psychological and emotional pain and suffering.

135.    By delaying and/or failing to act, said defendants knowingly disregarded an

excessive risk to Plaintiff's health and safety.

136.   Any reasonable doctor would perceive the plaintiff's medical needs to be important and worthy of treatment.

'137.   Said defendants, individually and collectively, denied and/or delayed Plaintiff's access to necessary medical personnel, treatment and qualified medical practitioners (i.e., failed to timely refer Plaintiff to a specialist and/or physical therapist despite continued complaints of unresolved and worsening pain); failed to inquire into facts necessary to make a professional judgment (i.e. grossly perfunctory examinations of Plaintiff and his pain, and failure to inquire into delay and/or refusal to approve visit to specialist and/or therapist); failed to carry out medical orders; permitted non-medical factors to interfere with their medical judgment (i.e., cost and inconvenience of visit(s) to specialist(s) and therapist(s); security concerns; belief that Plaintiff would be transferred out of their custody shortly; understaffing; and systemic deficiencies in staffing, facilities, or procedures resulting Plaintiff's unnecessary suffering); failed to take steps to prevent the plaintiff's condition from degenerating; exercised such bad judgment that an easier and less efficacious treatment was consciously chosen by the City, DOC and/or DOHMH (i.e., prescribing medications for Plaintiff's pain rather than resolving the cause of the pain); and their conduct was so grossly incompetent, inadequate, and excessive as to shock the conscience, and was so intolerable to fundamental fairness.

138.   As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

## SIXTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

139.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "138", inclusive, of this Complaint, as if same were fully set forth herein at length.

140.    The defendant correction officers collectively and individually, while acting under color of state and local law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the City and/or DOC, which is forbidden by the Constitution of the United States.

141.    That prior to September 2, 2009, the City, DOC and DOHMH developed and maintained customs, policies, usages, practices, procedures and rules exhibiting deliberate indifference to the constitutional rights of those detained in DOC custody, which caused the violations of the plaintiff's rights.

142.    That the aforementioned customs, policies, usages, practices, procedures and rules of the City and/or DOC included, but were not limited to: a) ignoring the constitutional rights of persons under their custody and control; b) depriving persons under their custody and control their constitutional rights; c) using force in an unreasonable, unnecessary, unjustified and excessive manner; d) failing to adequately instruct and supervise the correction officers under said defendants' control in the proper and appropriate care and treatment of detainees and inmates in their custody and control, including but not limited to the use of force; e) inadequately and/or improperly investigating grievances and complaints of misconduct, use of force and abuse by correction officers, and inadequately punishing the subjects of those complaints which were substantiated; f) tolerating acts of brutality; g) the Internal Affairs Bureau and Inspector General having substantially failed in their responsibilities to investigate misconduct and discipline

offenders; h) having polices that operate to insulate correction officers who engage in criminal or other serious official misconduct from detection, prosecution, and punishment, and are maintained with deliberate indifference; i) allowing correction officers and supervisors to engage in a pattern and practice of actively and passively covering up misconduct by fellow officers, thereby establishing and perpetuating a "code of silence", which has become so ingrained in the defendants so as to constitute a policy of the City and DOC; j) having a detainee and inmate classification system that fails to provide meaningful guidance to correction officers and security staff; k) having an outdated classification system that disproportionately ranks most detainees and inmates as "high-security"; l) having a classification system that fails to identify detainees and inmates according to the minimum degree of surveillance and security required; m) failing to coordinate classification and housing assignment decisions between DOC and DOHMH staff based upon security, health and mental health; and n) having a disciplinary system that disproportionately affects persons of Plaintiff's age and/or classification.

143.    The aforementioned customs, policies, usages, practices, procedures and rules of the City and/or DOHMH included, but were not limited to: a) ignoring the constitutional rights of persons under their custody and control; b) depriving persons under their custody and control their constitutional rights; c) failing to adequately instruct and supervise the physicians, therapists, nurses and medical staff under said defendants' control in the proper and appropriate care and treatment of detainees and inmates under their medical care; d) inadequately and/or improperly investigating detainee and inmate grievances and complaints of inattention, neglect, misdiagnoses and misconduct, and inadequately punishing the subjects of those grievances and complaints which were substantiated; e) in tolerating inattention, neglect, misdiagnoses and misconduct by the physicians, therapists, nurses and medical staff under said defendants' control;

f) having polices that operate to insulate said defendants' physicians, therapists, nurses and medical staff who engage in serious official misconduct from detection, prosecution, and punishment, and are maintained with deliberate indifference; g) allowing said defendants' physicians, therapists, nurses, medical staff and supervisors to engage in a pattern and practice of actively and passively covering up malpractice and/or misconduct by fellow physicians, therapists, nurses, medical staff and supervisors, thereby establishing and perpetuating a "code of silence", which has become so ingrained in the defendants so as to constitute a policy of the City and DOHMH; h) failing to coordinate classification and housing assignment decisions between DOC and DOHMH staff based upon security, health and mental health; and i) failing to track coerced and/or unsigned refusals of treatment and/or DOC or DOHMH denials of "sick call", consultations or scheduled appointments, thereby establishing and perpetuating a policy, custom or practice of denying and/or delaying reasonable and due medical care and treatment.

144.    The long-standing failure or refusal to supervise the correction officers and medical personnel under said defendants' control, including supervisory staff, is now so institutionalized as to constitute a policy or custom of tolerating and authorizing the type of abuse alleged herein.  It is this policy or custom of abuse and cover-up that has caused the deprivation of the plaintiff's rights.

145.    Said defendants' policy or custom of tolerating and authorizing this type of abuse is further evidenced by frequent and significant findings of misconduct over a period of years by supervisors and the correction officers and medical personnel they supervise.

146.    The City, DOC and DOHMH's failures and refusals to hold these supervisors, correction officers and medical personnel accountable is a proximate cause of the injuries sustained by the plaintiff, and undoubtedly hundreds of other persons in DOC custody.

147.    Through promotions and other financial and status incentives the City, DOC and DOHMH have the power to reward supervisors, correction officers and medical personnel who perform their jobs adequately and to punish – or at the very least fail to reward – those who do not. The City, DOC and DOHMH's actions and omissions have created and maintained the perception among high-ranking supervisors that a supervisor who turns a blind eye towards evidence of officer brutality, medical personnel neglect, or other misconduct, and fails to investigate incidents in which detainees and inmates are injured by correction officers and medical personnel, will suffer no damage to his or her career or financial penalty.

148.    The pattern of unchecked abuse by correction officers, medical personnel and supervisory staff, the extent to which these unlawful practices have been adopted by significant numbers of the staff, and the persistent failure or refusal of the City, DOC and DOHMH to supervise these persons properly and to take action to curb the misconduct, demonstrates a policy of deliberate indifference which tacitly authorizes the claimed misconduct against detainees and inmates in general and the plaintiff in particular.

149.    The foregoing customs, policies, usages, practices, procedures and rules of the City, DOC and DOHMH constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

150.    The foregoing customs, policies, usages, practices, procedures and rules of the City, DOC and DOHMH were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

151.    The foregoing customs, policies, usages, practices, procedures and rules of the City, DOC and DOHMH were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

152.    The aforesaid defendants, collectively and individually, while acting under the color of state and local law, were directly and actively involved in violating the plaintiff's constitutional rights.

153.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, together with attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

## SEVENTH CLAIM FOR RELIEF:
## RETALIATION CLAIM AGAINST CORRECTION OFFICER "JOHN" WRIGHT

154.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "153", inclusive, of this Complaint, as if same were fully set forth herein at length.

155.    Upon information and belief, and as set forth above, Defendant CO Wright did become aware that Plaintiff had filed a grievance and Notice of Claim with the City and DOC with regard to the constitutional violations alleged herein.

156.    As set forth above, Defendant CO Wright specifically and deliberately pursued and/or filed knowingly false criminal charges against the plaintiff because Plaintiff had filed the aforesaid grievance and Notice of Claim.

157.    That Defendant CO Wright retaliated against Plaintiff for exercising his constitutionally-protected First Amendment rights.

158.    That Defendant CO Wright's conduct was malicious.

159.    That Defendant CO Wright had no reason to pursue these false criminal charges other than to retaliate against Plaintiff for filing the aforesaid grievance and Notice of Claim.

160.    That as a result of Defendant CO Wright's conduct, Plaintiff was falsely arrested and further imprisoned.

161.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, together with attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

## EIGHTH CLAIM FOR RELIEF:
## FALSE IMPRISONMENT CLAIM AGAINST THE CITY OF NEW YORK,
## CITY OF NEW YORK DEPARTMENT OF CORRECTION, AND
## CORRECTION OFFICERS "JOHN DOES 1-10"

162.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "161", inclusive, of this Complaint, as if same were fully set forth herein at length.

163.    As set forth above, Plaintiff was falsely imprisonment in CPSU, in 23-hour lockdown, by Defendants City and DOC, their agents, servants and/or employees, including but not limited to Defendant CO John Does, without due process, in violation of his rights secured by the Fourth, Eighth and Fourteenth Amendments and 42 U.S.C. §1983.

164.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

## NINTH CLAIM FOR RELIEF:
## FALSE ARREST AND FALSE IMPRISONMENT CLAIM AGAINST
## THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, AND
## POLICE OFFICERS "JOHN DOE"

165.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "164", inclusive, of this Complaint, as if same were fully set forth herein at length.

166.    As set forth above, Plaintiff was falsely arrested and imprisoned by Defendants City and NYPD, their agents, servants and/or employees, including but not limited to Defendant, POLICE OFFICERS "JOHN DOE", in violation of his rights secured by the Fourth, Eighth and

Fourteenth Amendments and 42 U.S.C. §1983.

167.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

## TENTH CLAIM FOR RELIEF:
## FAILURE TO PROTECT CLAIM

168.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "167" inclusive, of this Complaint, as if same were fully set forth herein at length.

169.    Defendants City and DOC, their agents, servants and employees, including but not limited to defendant correction officers, owed a duty to care and protect Plaintiff while he was in their custody and control.

170.    As set forth above, Defendants City and DOC, their agents, servants and employees, failed to protect Plaintiff from a known and dangerous harm.

171.    As set forth above, Defendants City and DOC, their agents, servants and employees, failed to intervene, mitigate and/or stop the Incident at any time during the happening of the Incident.

172.    As set forth above, Defendants City and DOC, their agents, servants and employees, knew of and consciously disregarded an excessive risk to Plaintiff's health and safety.

173.    As set forth above, Defendants City and DOC, their agents, servants and employees, failed to intervene and protect the plaintiff at any time during the events leading to or during his unlawful confinement to CPSU for seventy-seven (77) days.

174.    Defendants City and DOC, their agents, servants and employees, failed to report

the abusive conduct of the defendant correction officers to supervisors.

175.    Defendants City and DOC, their agents, servants and employees, failed to investigate, sanction and/or discipline any of the defendant correction officers for their aforesaid unlawful conduct.

176.    That due to said defendants' failures to protect the plaintiff, he suffered severe and serious physical, psychological and emotional injuries.

177.    As a result of the foregoing, Plaintiff is entitled to compensatory damages, punitive damages against the individual defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §1988.

## PENDANT STATE CLAIMS

### FIRST CLAIM FOR RELIEF UNDER NEW YORK STATE LAW ASSAULT, BATTERY AND CONSPIRACY

178.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "177", inclusive, of this Complaint, as if same were fully set forth herein at length.

179.    As set forth above, Plaintiff was assaulted and battered by Defendants, CO Wright, CO Kim, CO Clark, CO Hall, Captain John Doe and CO John Does.

180.    As set forth above, the defendant correction officers conspired with one another to assault and batter the plaintiff.

181.    As set forth above, the defendant correction officers conspired with one another to cover up their assault and battery of the plaintiff.

182.    This use of physical force was excessive, unnecessary, unprovoked and in violation of the Constitution and statutes of the State of New York and the Charter, rules and regulations of the City of New York.

183.    As a result of the foregoing, Plaintiff suffered a violation of his civil and due process rights.

184.    As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

## SECOND CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## FALSE ARREST AND FALSE IMPRISONMENT

185.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "184", inclusive, of this Complaint, as if same were fully set forth herein at length.

186.    As set forth above, Defendants City, DOC and CO John Does, falsely imprisoned the plaintiff in CPSU for seventy-seven (77) days without a valid and proper disciplinary hearing being held.

187.    Defendants CO John Does were agents, servants and/or employees of City and/or DOC and were acting for, upon, and in furtherance of the business of their employers and within the scope of their employment at the time of the subject imprisonment.

188.    As set forth above, Defendants City, NYPD and POLICE OFFICERS "JOHN DOE", falsely arrested and imprisoned the plaintiff.

189.    Defendants, POLICE OFFICERS "JOHN DOE", were agents, servants and/or employees of City and/or NYPD and were acting for, upon, and in furtherance of the business of their employers and within the scope of their employment at the time of the subject arrest and imprisonment.

190.    As set forth above, Plaintiff was wrongfully, unlawfully and unjustifiably arrested, detained, imprisoned and deprived of his liberty against his will by the City and NYPD, their agents, servants and employees, including but not limited to Defendant, POLICE

OFFICERS "JOHN DOE".

191.    The aforesaid defendants acted forcibly in apprehending the plaintiff.

192.    The aforesaid wrongful, unjustifiable and unlawful apprehension, arrest, detention and imprisonment of Plaintiff was carried out without legal excuse, reasonable suspicion or probable cause.

193.    As a result of the foregoing, Plaintiff was subjected to humiliation, ridicule and disgrace, sustained economic loss, and was otherwise injured and damaged.

### THIRD CLAIM FOR RELIEF UNDER NEW YORK STATE LAW NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION AGAINST THE CITY OF NEW YORK AND CITY OF NEW YORK DEPARTMENT OF CORRECTION

194.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "193", inclusive, of this Complaint, as if same were fully set forth herein at length.

195.    Defendants City and DOC were negligent, careless and/or reckless in the hiring, training, retention, supervision, direction, control, appointment and/or promotion of the their agents, servants and employees, including but not limited to the defendant correction officers, CO Wright, CO Kim, CO Clark, CO Hall, Captain John Doe, and CO John Does, in that said employees lacked the experience and ability to be employed by the City and DOC; in failing to exercise due care and caution in their hiring, appointment and promotion practices, and in particular, hiring the defendant-employees who lacked the mental capacity and ability to function as employees of said defendants; in that the defendant-employees lacked the maturity, sensibility and intelligence to be employed by said defendants; in that said defendants knew of the lack of ability, experience and maturity of the defendant-employees when they hired them; in that said defendants, their agents, servants and/or employees, failed to suspend and/or terminate the

defendant-employee(s) when such action was either proper or required; and in being otherwise careless, negligent and reckless in the instance.

196.    The failure of Defendants City and DOC to adequately train their agents, servants and employees, including but not limited to CO Wright, CO Kim, CO Clark, CO Hall, Captain John Doe and CO John Does, in the exercise of their employment functions, and their failure to enforce the laws of the State of New York and the rules regulations of the City of New York, is evidence of the reckless lack of cautious regard for the rights of those detainees and inmates in their custody and control, including the plaintiff herein, and exhibited a lack of that degree of due care which prudent and reasonable individuals would show.

197.    Defendants City and DOC knew or should have known in the exercise of reasonable care, the propensities of their agents, servants and employees, including but not limited to CO Wright, CO Kim, CO Clark, CO Hall, Captain John Doe, and CO John Does, to engage in the wrongful conduct heretofore alleged in this Complaint.

198.    Defendants City and DOC knew or should have known that their policies, customs and practices, as well as their negligent hiring, retention, supervision, training, appointment and promotion of their agents, servants and employees, including but not limited to CO Wright, CO Kim, CO Clark, CO Hall, Captain John Doe, and CO John Does, created an atmosphere where the most prominent offenders felt assured that their most brazen acts of abuse, misconduct and neglect would not be swiftly and effectively investigated and prosecuted.

199.    That the mistreatment and abuse of the plaintiff, as set forth above, was the reasonably foreseeable consequence of said defendants' negligent conduct.

200.    The aforesaid acts of Defendants City and DOC, their agents, servants and employees, resulted in the plaintiff being assaulted and his civil rights being violated while in

their custody and control.

201.    The aforesaid acts of Defendants City and DOC, their agents, servants and employees, resulted in the plaintiff being denied and/or delayed reasonable, necessary and due medical care following the Incident.

202.    The aforesaid acts of Defendants City and DOC resulted in the plaintiff being caused to experience severe physical, psychological and emotional pain and suffering, and in other respects, was damaged.

### FOURTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION AGAINST THE CITY OF NEW YORK AND NEW YORK CITY DEPARTMENT HEALTH AND MENTAL HYGIENE

203.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "202", inclusive, of this Complaint, as if same were fully set forth herein at length.

204.    Defendants City and DOHMH were negligent, careless and/or reckless in the hiring, training, retention, supervision, direction, control, appointment and/or promotion of the their agents, servants and employees, including but not limited to their physicians, nurses, therapists and medical staff, in that said employees lacked the experience and ability to be employed by the City and DOHMH; in failing to exercise due care and caution in their hiring, appointment and promotion practices, and in particular, hiring employees who lacked the mental capacity and ability to function as employees of said defendants; in that their employees lacked the maturity, sensibility and intelligence to be employed by said defendants; in that said defendants knew of the lack of ability, experience and maturity of their employees when they hired them; in that said defendants, their agents, servants and/or employees, failed to suspend and/or terminate their employees when such action was either proper or required; and in being

otherwise careless, negligent and reckless in the instance.

205.   The failure of Defendants City and DOHMH to adequately train their agents, servants and employees, including but not limited to their physicians, nurses, therapists and medical staff, in the exercise of their employment functions, and their failure to enforce the laws of the State of New York and the rules regulations of the City of New York, is evidence of the reckless lack of cautious regard for the rights of those detainees and inmates in their medical care, including the plaintiff herein, and exhibited a lack of that degree of due care which prudent and reasonable individuals would show.

206.   Defendants City and DOHMH knew or should have known in the exercise of reasonable care, the propensities of their agents, servants and employees, including but not limited to their physicians, nurses, therapists and medical staff, to engage in the wrongful conduct heretofore alleged in this Complaint.

207.   Defendants City and DOHMH knew or should have known that their policies, customs and practices, as well as their negligent hiring, retention, supervision, training, appointment and promotion of their agents, servants and employees, including but not limited to their physicians, nurses, therapists and medical staff, created an atmosphere where the most prominent offenders felt assured that their most brazen acts of misconduct and neglect would not be swiftly and effectively investigated and prosecuted.

208.   That the mistreatment and abuse of the plaintiff, as set forth above, was the reasonably foreseeable consequence of said defendants' negligent conduct.

209.   The aforesaid acts of Defendants City and DOHMH, their agents, servants and employees, resulted in the plaintiff being denied and/or delayed reasonable, necessary and due medical care following the Incident.

210.    The aforesaid acts of Defendants City and DOHMH resulted in the plaintiff being caused to experience severe physical, psychological and emotional pain and suffering, and in other respects, was damaged.

## FIFTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## FAILURE TO PROVIDE MEDICAL TREATMENT

211.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "210", inclusive, of this Complaint, as if same were fully set forth herein at length.

212.    Defendants City, DOC and DOHMH, their agents, servants and/or employees, including but not limited to the defendant correction officers and physicians, nurses, therapists and medical staff assigned to Plaintiff, were required to make available and/or provide medical care and treatment to the plaintiff while he was in their custody and control.

213.    Said defendants knew or should have known the extent of the injuries Plaintiff sustained during the Incident and intentionally and/or negligently delayed, denied and/or failed to make medical care and treatment available to Plaintiff.

214.    Said defendants knew or should have known that their denial and/or delay of medical care and treatment to the plaintiff created an unreasonable risk of bodily injury.

215.    Said defendants denial and/or delay of medical care and treatment did cause and/or exacerbate Plaintiff's physical, psychological and emotional pain and suffering.

## SIXTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

216.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "215", inclusive, of this Complaint, as if same were fully set forth herein at length.

217.    The aforesaid acts of Defendants City, DOC, DOHMH and NYPD, their agents, servants and employees, including but not limited to the defendant correction and police officers and physicians, nurses, therapists and medical staff assigned to Plaintiff, acting individually and/or in conjunction with the other defendants, were intentional, malicious, excessive and served no reasonable or legitimate penological interest.

218.    The defendants' intentional, reckless and/or negligent infliction of emotional and mental distress constituted misconduct of an egregious nature that exceeds all bounds usually tolerated by society.

219.    As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

## SEVENTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## NEGLIGENCE

220.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "219", inclusive, of this Complaint, as if same were fully set forth herein at length.

221.    As set forth above, Defendants City, DOC, DOHMH and NYPD, their agents, servants and employees, including but not limited to the defendant correction and police officers and physicians, nurses, therapists and medical staff assigned to Plaintiff, were negligent and the proximate cause of injuries and damages suffered by the Plaintiff.

222.    As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

## EIGHTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### *RESPONDEAT SUPERIOR*

223.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "222", inclusive, of this Complaint, as if same were fully set forth herein at length.

224.    Inasmuch as the aforesaid agents, servants and employees of the Defendants City, DOC, DOHMH and NYPD, were acting for, upon, and in furtherance of the business of their employer(s) and within the scope of their employment, Defendants City, DOC, DOHMH and NYPD are liable under the doctrine of *respondeat superior* for the tortious actions of their agents, servants and employees.

## NINTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## FAILURE TO PROTECT AGAINST CITY OF NEW YORK AND
## CITY OF NEW YORK DEPARTMENT OF CORRECTION

225.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "224" inclusive, of this Complaint, as if same were fully set forth herein at length.

226.    Defendants City and DOC, their agents, servants and employees, including but not limited to CO Wright, CO Kim, CO Clark, CO Hall, Captain John Doe and CO John Does, owed a duty to care and protect Plaintiff while he was in their custody and control.

227.    As set forth above, Defendants City and DOC, their agents, servants and employees, failed to intervene and protect the plaintiff at any time during the happening of the Incident.

228.    As set forth above, Defendants City and DOC, their agents, servants and employees, failed to intervene and protect the plaintiff at any time during the events leading to or during his unlawful confinement to CPSU for seventy-seven (77) days.

229.    Defendants City and DOC, their agents, servants and employees, failed to report the abusive conduct of the defendant correction officers to supervisors.

230.    Defendants City and DOC, their agents, servants and employees, failed to investigate, sanction and/or discipline any of the defendant correction officers for their aforesaid unlawful conduct.

231.    That due to said defendants' failures to protect the plaintiff, he suffered severe and serious physical, psychological and emotional injuries.

## TENTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
## PRIMA FACIE TORT

232.    Plaintiff repeats, reiterates and realleges each and every allegation of paragraphs "1" through "231" inclusive, of this Complaint, as if same were fully set forth herein at length.

233.    The aforesaid conduct of Defendants City, DOC, DOHMH and NYPD, their agents, servants and employees, including but not limited to the defendant correction and police officers and physicians, nurses, therapists and medical staff assigned to Plaintiff, as well as their delay and failures to act, caused harm to be inflicted upon the plaintiff out of disinterested malevolence and were the proximate cause of the injuries and damages suffered by the plaintiff.

234.    As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

### JURY DEMAND

235.    Plaintiff hereby demands a trial by jury of all issues in this matter.

### RELIEF

**WHEREFORE**, the plaintiff requests the following relief jointly and severally as against

all of the defendants:

    1.      An award of compensatory damages in an amount to be determined at trial;

    2.      An award of punitive damages in an amount to be determined at trial;

    3.      An award of attorney's fees, costs and disbursements; and

    4.      Such other and further relief as this Court deems just and proper.

Dated: Brooklyn, New York
       August 24, 2010

                    Respectfully submitted,

                    **LAZAROWITZ & MANGANILLO, L.L.P.**

                    By:

                    Philip M. Hines, Esq. (PH5954)
                    *Attorneys for Plaintiff*
                    Office and P.O. Address
                    2004 Ralph Avenue
                    Brooklyn, New York 11234
                    (718) 531-9700

## ATTORNEY VERIFICATION

PHILIP M. HINES, an attorney duly licensed to practice in the courts of the State of New York, hereby affirms the following under penalties of perjury:

That I am a member of the law firm of LAZAROWITZ & MANGANILLO, L.L.P., attorneys for the plaintiff, ALEX FREDERIC, in the within action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe them to be true. The reason this Verification is made by me and not by the plaintiff is that said plaintiff is presently outside of the County in which the Affirmant's office is located.

The grounds of my belief as to all matters stated upon my own knowledge are as follows: the records, reports, and documents contained in the plaintiff's file.

PHILIP M. HINES, ESQ.

Affirmed to this 24th
day of August, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ALEX FREDERIC,

                                                    Plaintiff,

          -against-                                                         Docket No.

THE CITY OF NEW YORK, CITY OF NEW YORK
DEPARTMENT OF CORRECTION, NEW YORK
CITY POLICE DEPARTMENT, NEW YORK CITY
DEPARTMENT OF HEALTH AND MENTAL
HYGIENE, CORRECTION OFFICER "JOHN" WRIGHT,
Individually and in his Official Capacity, CORRECTION
OFFICER "JOHN" KIM, Individually and in his Official
Capacity, CORRECTION OFFICER "JOHN" CLARK,
Individually and in his Official, Capacity, CORRECTION
OFFICER "JOHN" HALL, Individually and in his Official
Capacity, CAPTAIN "JOHN DOE", Individually and in his
Official Capacity, fictitious name used to designate unknown
individual herein, CORRECTION OFFICERS "JOHN DOES
1-10", Individually and in their Official Capacities, fictitious
name used to designate unknown correction officers herein, and
POLICE OFFICERS "JOHN DOE", Individually and in their
Official Capacities, fictitious name used to designate unknown
police officers herein,

                                                    Defendants.
------------------------------------------------------------------------X

## VERIFIED COMPLAINT

**LAZAROWITZ & MANGANILLO, L.L.P.**
**Attorneys for Plaintiff**
**Office & Post Office Address**
**2004 Ralph Avenue**
**Brooklyn, New York 11234**
**(718) 531-9700**

**Signature (Rule 130-1.1-a)**

**PHILIP M. HINES, ESQ.**
**Service of a copy of the within is hereby**
**admitted.**

**Dated: August 24, 2010**