Can6frec

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ALEX FREDERIC,

                Plaintiff,

         v.                            10 CIV 6421(RA)

THE CITY OF NEW YORK, et al.,

                Defendants.

------------------------------x
                                       New York, N.Y.
                                       October 23, 2012
                                       2:30 p.m.
Before:

                   HON. RONNIE ABRAMS,

                                       District Judge

                         APPEARANCES


LAZAROWITZ & MANGANILLO, LLP
     Attorneys for Plaintiff
BY:  PHILIP HINES


NEW YORK CITY LAW DEPARTMENT
     Attorneys for Defendants
BY:  VICKI BECKER ZGODNY
```

1             (In chambers)

2             THE COURT:  This is Judge Abrams.

3             MR. HINES:  Good afternoon, your Honor.

4             THE COURT:  Hello, Mr. Hines.

5             Ms. Zgodny, how are you?

6             MS. ZGODNY:  I am well.  Thank you, your Honor.  Good

7    afternoon.

8             THE COURT:  I have a court reporter here just so that

9    you know.  So when you speak, try to speak loudly and clearly.

10            I think we all know that the purpose of this telephone

11   conference is to discuss whether plaintiff's time to serve the

12   individual defendants has expired and if so whether I should

13   grant plaintiff an extension.  I have your letters.  I have

14   three letters dated September 28th, October 4th, and

15   October 10th.  I have a few questions so why don't we start

16   with those.

17            First I would like to clarify where we are now in

18   terms of identifying any potential defendants other than

19   defendants Wright, with a "w," Clark, Hall and Kim.

20            MS. ZGODNY:  Your Honor, I can speak to on behalf of

21   the City.  I believe that we have identified everybody.  Well,

22   I guess I should first say that the complaint names John

23   Wright, John Kim, John Clark, John Hall, Captain John Doe and

24   Correction Officers John Does 1-10, Police Officers John Doe.

25   We have identified Correction Officer Wright, Correctional

1  Officer Kim, Correction Officer Clark, Correction Officer Hall
2  as well as I think the captain and every individual that
3  potentially could be involved in this incident.
4       We provided hundreds of pages of documents from the
5  Department of Corrections identifying anyone who could have
6  been involved.  We provided the roll call, which had the name
7  of every single Correction officer who was on duty at the time
8  of the incident, as well as recently received the NYPD
9  documents which identified the officer who was involved in
10 plaintiff's arrests and we provided that to plaintiff now.  I
11 do not believe that there is anybody else who could have
12 potentially been involved that we need to identify.
13      I should say that all of these Correction officers
14 were identified either in May on May 15th, 2012 or on July 20,
15 2012.  The only individual who was identified after that date
16 was the officer involved in plaintiff's arrest, which was
17 identified on, I believe, October 10th.  That was due to a
18 delay in getting the NYPD documents because the case had been
19 stayed.
20      THE COURT:  So there was just one individual who was
21 identified after July and that is October 10th, is that right?
22      MS. ZGODNY:  That's right.
23      MR. HINES:  That is the City's contention.  I would
24 obviously disagree.
25      THE COURT:  Why don't you go ahead and explain your

Can6frec

1  position.

2            MR. HINES:  Sure.  I think what she is referring to is
3  the City's response of October 10th or so where they had
4  provided the the police arrest report following Officer
5  Wright's criminal complaint against the plaintiff, which
6  identifies the arresting officer.  So that was just done two
7  weeks ago.

8            With regard to the other people -- well, at first I
9  would say there are still people who remain outstanding.  The
10 City's response of just providing random roll call records is
11 of really no use because plaintiff cannot identify people by
12 them.  These are just picking names off of a list.  The
13 particular people that he is looking for he can identify by
14 description.  He can identify if a photo was produced, which is
15 part of what the outstanding discovery we're seeking is for
16 photos of particular people.  Because per his testimony and per
17 the complaint, the plaintiff was denied due process in terms of
18 his disciplinary hearing and those people have not been
19 identified and he was denied medical care while he was in the
20 box for 70-something days.  Those people have not been
21 identified.

22           He testified that at his deposition a couple weeks ago
23 that he would routinely put in sick-call requests and that
24 those would be ignored, that some medical personnel whether it
25 be a doctor or somebody from the medical clinic would come by,

1  asked to see somebody and that was ignored.  So those people
2  have not been identified.
3              THE COURT:  When did you speak information about those
4  people?
5              MR. HINES:  That is part of the initial interrogatory
6  to which the defense has objected most of.
7              THE COURT:  Just tell me when were those
8  interrogatories served, before or after the stay?
9              MR. HINES:  After the stay.  Those were dated
10 July 20th.  The City's initial 26(a) response was on May 15th
11 pursuant to the records that were in there.  The
12 interrogatories were served for additional information and
13 additional records on July 20th.  Then the City responded to
14 those.  The City's response was July 20th.  So the plaintiff's
15 demand, I can look that up as we are talking.
16             MS. ZGODNY:  Your Honor, if I could be heard.
17             THE COURT:  Go head.
18             MS. ZGODNY:  First, of all, your Honor, with respect
19 to the demands and interrogatories that were served on the
20 City, I did provide the names of all of the individuals that
21 plaintiff requested and I attached those to my letter as
22 Exhibit 8.  I went to great length to identify everyone that
23 they requested.  And the individuals that plaintiff is
24 referring to as the individuals who denied him medical care and
25 due process, they are phantom people that plaintiff is sort of

Can6frec

1   trying to bring into this lawsuit.  I don't know who these
2   people are.  I don't know who he is referring to.
3           As I said, I am happy to provide the Court with my
4   full and complete response to plaintiff's demands and
5   interrogatories.  Every witness or individual that they
6   requested I identify, I identified.  Individuals who were
7   involved in plaintiff's medical care at the Department of
8   Corrections have been identified.  PAC McGibbon, who was
9   actually identified in the 26(a) disclosures back in May, as
10  well as Dr. San Jose who was identified back in May, and as
11  well the documents that I provided to plaintiff in both the
12  26(a) disclosures and attached to our responses to the demands
13  and interrogatories of July included the names of every
14  individual with the Department of Corrections who was involved
15  in the disciplinary hearing.  So I don't know who plaintiff is
16  referring to.  This is really a desperate attempt to sort of
17  extend the period to  serve these named defendants because he
18  has failed to do so in the time that was provided to him by
19  Judge Sweet.
20          Moreover, with respect to seeking photos, I have never
21  in the time that I have been here had to provide photographs of
22  Correction officers or police officers of anybody so plaintiff
23  can identify them when I actually give the full name, shield
24  number, tax number and location to serve.  So I don't know what
25  plaintiff's counsel is referring to in terms of these

1    photographs.  There is no need to provide photographs when I
2    identified them.
3             MR. HINES:  The City is not bound by the plaintiff's
4    determination of who involved.  A few issues.
5             MS. ZGODNY:  All the documents that were provided to
6    plaintiff corroborate --
7             THE COURT:  Excuse me.  Excuse me.  Please stop.  You
8    cannot speak over each.  I can't hear you, which I think is the
9    goal here, and the court reporter cannot hear you so if you can
10   just speak one at a time.
11            Ms. Zgodny, why don't you finish your sentence.
12            MS. ZGODNY:  There is not more than one field clerk.
13   There is not more than one Correction Officer Write or more
14   than one Correction Officer Hall, etc.  So there is no
15   confusion.  Plaintiff identified these individuals as John Kim,
16   John Hall, John Clark, etc.  So there is not more than one Kim,
17   Clark, Wright at this facility.  So I don't think there is any
18   confusion.  Again, I think this is a desperate attempt.  I have
19   never had to show, provide photographs without any question
20   identify the very people that plaintiff wants to bring into
21   this lawsuit.
22            MR. HINES:  The plaintiff is not bound by the City's
23   determination as to who is involved, first of all.  Second of
24   all, the demand for photographs was incorporated as part of the
25   broader demand of plaintiff's request for documents of the

1   personnel employment files for the particular officers.  So it
2   wasn't done specifically in order to -- as part of a specific
3   demand.  It was incorporated as part of a broader demand to
4   obtain these people's employment and personnel files, which the
5   City has objected to and refused to provide entirely.
6              MS. ZGODNY:  They are not our clients.
7              MR. HINES:  Right.  The City keeps going back to "they
8   are not our clients" and now they are claiming these are the
9   only the CO Clark, Hall, Wright and Kim.  However, the same
10  basis that the Corrections refused to accept service on their
11  behalf because there are other CO Halls, Clarks, Wrights and
12  Kims.
13             MS. ZGODNY:  Your Honor, that is accurate.  The reason
14  why is that plaintiff served them in the wrong location.  He
15  tried to serve them at the Beloa building, which I informed
16  plaintiff in my e-mail as well as verbally over the phone
17  months ago back before the case was even stayed that he had to
18  serve them at their proper facility.
19             MR. HINES:  That is not the representation made at the
20  time of service by the people that were there to accept it.
21  They have accepted service --
22             THE COURT:  It sounds like the City has told you that
23  since then, that it sounds maybe you served in the wrong place
24  and that may be the issue.
25             MR. HINES:  That is the case today.  That is the first

time I am learning this is the only Officer Wright, Hall, Kim and Clark in the entire Corrections Department.  It still goes back to the original -- can I finish?

        MS. ZGODNY:  -- had to be served at their facility a year ago.

        MR. HINES:  Regardless, it still goes back to the plaintiff's letter, which endorsed by Judge Sweet, that plaintiff had 45 days from when everybody was identified.  Even the City agrees that -- they are saying everybody has been identified as of October 10th, that plaintiff's time has not expired.

        THE COURT:  Let's read the language from the letter, and I think this is the relevant provision, and it is the last line of the April 3rd, 2012 letter:  "As such, plaintiff requests a 45-day extension of time to serve the nonCity defendants to begin when said officers' full names and shield numbers have been provided through discovery."

        I think frankly it is a little ambiguous as to whether that means you have 45 days after you have each person's name or 45 days after you have all the names.  It probably, Mr. Hines, was not the most prudent thing to do to wait on this and leave that ambiguity out there, but why don't we just move on.

        I have a couple more questions and then I can rule on the merits and then if enough any other follow-up questions we

Can6frec

1 can deal with them.
2     MS. ZGODNY:  Can I make one point with respect to the
3 letter?
4     THE COURT:  Sure.
5     MS. ZGODNY:  If you look at the first line of that
6 paragraph that you just read from it says, "Lastly, plaintiff
7 requests an extension of time to serve individual Corrections
8 officers named in the action, i.e., Corrections Officers
9 Wright, Kim, Clark and Hall."  That is what plaintiff was
10 requesting was once he got their full names and shield numbers
11 then he had 45 days to serve them.  Plaintiffs received these
12 names and shields numbers and service addresses of those
13 officers, two of them in May in my initial disclosures and two
14 of them in July.  So regardless of even if he believed that he
15 had 45 days to serve them once he got all of them, he had all
16 of them by July 20th, 2012.
17     THE COURT:  But then he got the name of one in
18 October.  I here your point as to what is written, but he also
19 just received less than two weeks ago the name of one other
20 officer.  And was that one of the John Does mentioned in the
21 caption?
22     MR. HINES:  Yes.
23     MS. ZGODNY:  There is a Police Officer John Doe, but
24 regardless there was absolutely no reason why other than
25 negligence on his part that he could not have served Wright,

1   Kim, Clark and Hall at least --

2           THE COURT:  Let her finish.

3           MS. ZGODNY:  -- after receiving those names.

4           MR. HINES:  If I could respond.  The reason why these
5   people were not served is because information has been coming
6   in piecemeal.

7           MS. ZGODNY:  It has not.

8           MR. HINES:  It has been.  It still in my opinion is
9   not complete.  To the extent that you think, which is contrary
10  to the letter, serve and name these people individually as the
11  information comes in -- two at a time, four at a time,
12  whatever -- I think that is an absurd request when the letter
13  is clear in that I have 45 days to do things -- to do so after
14  everybody has been identified.

15          THE COURT:  One at a time.  Let Mr. Hines finish.

16          MR. HINES:  When there are interrogatories served,
17  which identify two people.  Now, parenthetically the incident
18  report or the use of force report, which was provided in the
19  City's initial disclosures identifies two officers as being
20  involved.  Plaintiff from the very beginning has been said that
21  there were four officers involved and a captan.  To the extent
22  they have identified a captain at all, we don't know if it is
23  the captain's name or not the captain's name.  With regard to
24  the other people that the City has produced names for,
25  plaintiff is not interested in suing all of these people.

1    Plaintiff is interested in suing the appropriate people.

2              So these two doctors which the City is claiming that
3    they identified, there is no claim at this point against them
4    because they did their job.  These are the other people at
5    clinic at the initial time the plaintiff being brought in.
6    They refered him to the emergency room.  The doctors that in
7    the medical personnel that we're interested in are the people
8    that are after that course of treatment, the people that
9    refused the sick calls, the Corrections officers that ignored
10   the sick calls and the doctors that came by that also ignored
11   the plaintiff.  So those are the people ignoring the medical
12   care.  It is not the guys that have been identified.

13             Also, the people who have been identified include
14   people who are identified on one report as just getting the
15   statement that plaintiff refused his right to a disciplinary
16   hearing which is disputed.  So these people that have been
17   identified or that we have asked for information about are not
18   all to be named as defendants.  These are notice witness, they
19   are witnesses of the incident or believed to be witnesses of
20   incident, believed to be witnesses of the plaintiff's condition
21   following the incident.  Not everybody who has been identified
22   plaintiff intends to bring into this action.  The main people
23   here are the officers, the captain, the medical people that
24   have yet to be identified as --

25             MS. ZGODNY:  We identified all the medical people.

1          MR. HINES:  -- and now this police officer.

2          So a lot of what has been provided while useful in
3     terms of discovery has not been entirely useful in terms of
4     finding the appropriate people to sue.

5          THE COURT:  Let's go to Judge Sweet's endorsement of
6     your letter.  I think the City has a good point that in terms
7     of your specific requests here, your request was an extension
8     of time to serve the individual Corrections officers named in
9     the action.  I.e. -- you didn't write e.g., you wrote i.e.,
10    meaning that is -- Corrections Officers Wright, Kim, Clark and
11    Hall, and you asked for a 45-day extension of time to serve
12    them to begin when said officers' full names and shield numbers
13    and said officers full names and shield numbers had been
14    produced through discovery.

15         I will also note that it seems like based on the
16    timing you were actually officially in default prior to the
17    stay.  The complaint was filed on August 27th and your time to
18    serve ran out on December 27th.  The case wasn't stayed until
19    June 11th and you didn't ask for an extension of time to serve
20    until the stay was listed on April 3rd of 2012.

21         On the flip side I will say that it seems like the
22    city has taken a fair amount of time to provide the information
23    requested.  You had two and a half months to provide them with
24    the information before the stay was imposed and then the stay
25    was listed in April of 2012, but as I am hearing the

1   information didn't get to the plaintiff for the four defendants
2   mentioned until May and July of 2012 and then for one of the
3   John Does until just two weeks ago.  So what I have here in my
4   view is two years after the complaint was filed in August of
5   2010 individual defendants have not been served in part due to
6   the stay and in part it appears to me to delay of both parties.
7   Defendants delayed in providing information to plaintiff with
8   the necessary information and I am not suggest it was
9   intentionally, but there was a delay.  Sometimes it takes time
10  to get this information.  Plaintiff delayed in requesting
11  permission, extra time to serve the defendants and raising the
12  issue with myself.
13         So the way that I ultimately come out is that although
14  there are some prejudice to defendants, and I acknowledge that,
15  Rule 15 does provide that leave to amend shall be freely
16  granted when justice so requires.  In this case I think justice
17  so requires.  Some of the information about one the plaintiffs
18  as I already mentioned was -- or one of the individual
19  defendants I should have said -- was just provided two weeks
20  ago so I don't think that there was a significant delay in this
21  case.  Defendants conceded in their letter that plaintiff is
22  entitled to a 45-day extension of time to serve the police
23  officers whose information had just been provided.  Therefore,
24  even if the other individuals had been properly served a few
25  months ago, there would not have been substantive progress on

1    the case because we would have all been waiting on the final

2    service for the fine defendants.  Therefore, what I am inclined

3    to do is grant plaintiff leave to amend to add the individual

4    defendants, and I am going to give you two weeks from today,

5    November 6th, to file and serve an amended complaint that

6    includes the names of all the defendants in this matter.

7              MR. HINES:  Thank you, your Honor.

8              MS. ZGODNY:  Your Honor, I would like the opportunity

9    to possibly submit to your Honor a letter motion with

10   additional case laws as necessary.  I understand completely the

11   Court allowing plaintiff to serve the police officer and in

12   fact giving him the 45 days from the time of receiving the

13   service information and the shield number.  However, based upon

14   the fact that the three-year statute of limitations has run,

15   the 120 days under Rule 4(n) has run and Judge Sweet's 45-day

16   extention has run and plaintiff's counsel at the September 15th

17   conference stated to your Honor he did not realize they were

18   not served and he wrote in his reply letter that he was mixing

19   this up with another case, which again is another desperate

20   attempt to fix a problem that he created here.  I don't think

21   there is absolutely any ambiguity in his April 3rd letter to

22   Judge Sweet or in Judge Sweet's endorsement that he had 45 days

23   to serve those named officers that he requested -- Clark, Write

24   Kim and Hall once he got their names and service addresses

25   which he had the complete names and shield numbers as of July.

         So I do think that it is incredibly prejudicial to the defendants especially to Kim and Hall who have no idea that this lawsuit is even pending. I have never spoken to them. They were not involved in the use of force investigation. They have no idea about this lawsuit. This occurred over three years ago so I respectfully, your Honor, don't see how there is not an incredible prejudice to these individuals to now be able to be served.

         It is really due to a lack of diligence on plaintiff's part -- plaintiff's counsel's part. He didn't realize that he didn't serve them. He didn't pay attention to the deadlines. Your Honor noted he was late even in his request. However, I chose not to put in an opposition because the case was stayed and the statute of limitations had not run. I thought that the letter was very clear that he had 45 days from the date that he received the names and I think that the City was diligent in providing all that information to plaintiff under the deadlines provided by the Court. We provided all the names that we had in our 26(a) disclosures with all the documents and then when plaintiff requested more names because it was unclear who else plaintiff wanted us to identify. We identified them in the interrogatories that were served timely.

         THE COURT: With regard to Hall and Kim, plaintiff is two and a half months late, am I correct? When we analyze prejudice and how much prejudice, it is really two and a half

Can6frec

1     months late in service.
2                MS. ZGODNY:  From the 45 days?
3                THE COURT:  Right, from Judge Sweet's letter.
4                MS. ZGODNY:  Yes.
5                MR. HINES:  No.  Hall and Kim were identified on
6     July 20th and so 45 days after that would be beginning of
7     September.  We had our conference right around that time,
8     September 2nd.  So we had our conference discussing this at
9     which time you told me to follow up with a letter.
10               MS. ZGODNY:  Today is October 23rd.
11               MR. HINES:  That might be but while the Court was
12    hearing the issue that time certainly expired.  I can address
13    each of those issues if your Honor wants, but if seems like
14    your Honor has already ruled.
15               THE COURT:  I have ruled.  If you want to submit a
16    letter with additional case law, you can submit it.  If I
17    choose to reconsider my ruling, I will, but I am not inclined
18    to do so.  If you feel like there is additional case law that
19    would be helpful, I am going to give you the opportunity to
20    submit it.
21               MS. ZGODNY:  Thank you, your Honor.
22               MR. HINES:  If the City is going to be afforded an
23    opportunity to submit additional case law, I am compelled to
24    raise the issues that they have no standing to object to
25    anything going on at this point on behalf of these individual

Can6frec

1   defendants that they claim they don't represent.
2               MS. ZGODNY:  I don't represent them.
3               MR. HINES:  That's fine.
4               MS. ZGODNY:  They are not named defendants.
5               MR. HINES:  The City has no --
6               THE COURT:  Look, at some point I imagine this could
7   be litigated.  If she doesn't raise it now, the individual
8   defendants may make a motion to dismiss.
9               Am I right?
10              MS. ZGODNY:  Yes, your Honor.
11              THE COURT:  So it may be.  That is my ruling.  I am
12  not inclined to reconsider it.  That said, if you feel there is
13  case law you haven't presented me, I am willing to give you the
14  opportunity in a letter no longer than two pages each.  If I
15  reconsider my ruling, I will let you know.  That is the ruling.
16  So when I look at it and how much of a delay there was at the
17  end of the day once you take the stay out of it, it is really
18  only a couple months that we're talking about.
19              I am not going to second-guess plaintiff counsel's
20  representation that he was confused at the conference.  I am
21  not going to question the veracity of his statement.  So I
22  don't think it is helpful to get into that.  If there is
23  something that you want to provide on the merits, I am willing
24  to consider that.  As I said I ruled.  I am not inclined to
25  second-guess that ruling.  If you think there is something that

Can6frec

1  will make a difference that I have overlooked, I will give you
2  the opportunity to submit it.
3          MR. HINES:  Thank you.
4          MS. ZGODNY:  Thank you.
5          THE COURT:  Thank you.
6                           o0o